Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>Vs.<br><br>RICARDO CAMACHO PADRÓN<br><br>Peticionario | KLCE202500517 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm. I1TR202400185<br><br>Sobre: ART. 7.02 LEY 22 |
|---|---|---|

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de junio de 2025.

El 12 de mayo de 2025, el señor Ricardo Camacho Padrón, (en adelante, el señor Camacho Padrón o parte peticionaria), presentó el recurso de epígrafe ante este Tribunal. La parte peticionaria solicita la revisión de la resolución emitida por el Tribunal de Primera Instancia, Sala de Mayagüez, del 9 de abril de 2025, en el caso de *El Pueblo de Puerto Rico v. Ricardo Camacho Padrón*, caso I1TR202400185, sobre Art. 7.02 de la Ley Núm. 22 de 7 de enero de 2000, según enmendada, conocida como "Ley de Vehículos y Tránsito de Puerto Rico".

El 12 de mayo de 2025 el peticionario presentó Moción en Auxilio de Jurisdicción, en la cual ese mismo día emitimos *Resolución* en la que declaramos "No Ha Lugar" la Moción de Auxilio de Jurisdicción y concedimos al Procurador General un término para presentar su alegato.

Examinada la solicitud de autos, la totalidad del expediente y el *Escrito en Cumplimiento de Orden* presentado por el Procurador General, *denegamos* la expedición del auto de certiorari.

Número Identificador

RES2025 _____

## -I-

El 5 de julio de 2024, el peticionario fue arrestado por alegadamente conducir un vehículo de motor bajo los efectos de bebidas embriagantes, en violación al Art. 7.02 de la Ley de Vehículos y Tránsito de Puerto Rico. El 13 de agosto de 2024 el Ministerio Público presentó una denuncia por infracción al Art. 7.02. Luego de varios eventos procesales sobre el descubrimiento de prueba, el peticionario presentó una solicitud de supresión de evidencia al amparo de la Regla 234 de las Reglas de Procedimiento Criminal. El Ministerio Público presentó una "Moción Oposición a Solicitud de Supresión de Evidencia". El tribunal celebró la vista de supresión de evidencia. En la vista, el Ministerio Público presentó el testimonio del Agte. Jeffrey Feliciano Balaguer y el documento denominado "PPR-615.6", que contine las "advertencias de embriaguez".[1]

Culminado el desfile de prueba, el tribunal denegó la solicitud de supresión de evidencia. Inconforme con la determinación, el peticionario presentó este recurso, y señala los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia, y abusó de su discreción, al determinar que no escucharía prueba sobre los motivos de la intervención, a pesar de que esto es compulsorio por tratarse de una intervención sin orden judicial previa.

> Abusó de su discreción el Honorable Tribunal de Primera Instancia al denegar la supresión de evidencia a pesar de que el Ministerio Público no rebatió la presunción de ilegalidad del arresto, por ser uno sin orden previa.

> Erró el Honorable Tribunal de Primera Instancia al denegar la moción de supresión de evidencia, aun cuando el Agente del Orden Público indujo a error al peticionario al brindar información errónea y contraria a derecho como parte de las advertencias, lo que ocasionó que su consentimiento fuera viciado.

---

[1] Véase página 21 del apéndice del recurso.

***-II-***

El auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. *Torres González v. Zaragoza Meléndez, supra,* pág. 847; *Medina Nazario v. McNeil Healthcare LLC, supra,* pág. 729; *García v. Padró, supra,* pág. 334. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez, supra,* pág. 847; *Municipio v. JRO Construction,* 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari.* Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

## -III-

En apretada síntesis, el peticionario argumenta que, el foro primario incidió al denegar su solicitud de supresión de evidencia. Una de las excepciones reconocidas al derecho contra registros y allanamientos irrazonables ocurre cuando media el consentimiento directo o indirecto para el registro. *Pueblo v. Miranda Alvarado,* 143 DPR 356, 364 (1997). En ese sentido, la jurisprudencia federal indica: "It is equally well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent". *Schneckloth v. Bustamonte,* 412 U.S. 218, 219 (1973); *Véase,* Art. 7.09 de la Ley Núm. 22-2000, 9 LPRA sec. 5209.

En vista de lo anterior, al analizar con detenimiento los argumentos expuestos por el peticionario, a tenor con los criterios para determinar la expedición del auto de *certiorari* delineados en la Regla 40 del Reglamento del Tribunal de Apelaciones resolvemos que no procede nuestra intervención con la determinación recurrida. Agregue que, en las actuaciones del foro primario, no detectamos indicio de prejuicio, parcialidad, craso abuso de discreción o error manifiesto. *Citibank v. ACBI,* 200 DPR 724, 736 (2018*); Graciani Rodríguez v. Garage Isla Verde,* LLC, 202 DPR 117,

132 (2019); Véase, *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994 (2021).

### -*IV*-

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, *denegamos* la expedición del auto de certiorari.

Por último, al amparo de la autoridad que nos confiere la Regla 35(A)(1) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R.35(A)(1)[2], el Tribunal de Primera Instancia no tendrá que esperar por la remisión del mandato para continuar con el trámite del caso de referencia.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] En lo pertinente, la citada regla dispone que la "expedición del auto de certiorari suspenderá los procedimientos en el Tribunal de Primera Instancia, **salvo que el Tribunal de Apelaciones disponga lo contrario**" (énfasis suplido).